UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **02-80919**

**CIV-MIDDLEBROOKS**

**MAGISTRATE JUDGE JOHNSON**

PASQUALE PERROTTA,

    Plaintiff,

v.

MOTIVA ENTERPRISES LLC, formerly known as Shell Oil Company

    Defendant.

_____

### COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF SOUGHT, AND DEMAND FOR JURY TRIAL

Plaintiff, Pasquale Perrotta ("Perrotta") sues Defendant, Motiva Enterprises, LLC, ("Motiva") for declaratory relief, damages, and injunctive relief, and alleges as follows:

### Jurisdiction and Venue

1. This is an action against Defendant Motiva for failure to comply with the Petroleum Marketing Practices Act, Title 15 U.S.C. §§ 2801, *et seq.* (the "PMPA").

2. This action has been brought within one (1) year of nonrenewal of the franchise or the date that the franchisor failed to comply with the requirements of the PMPA, Title 15 U.S.C. § 2805.

3. Venue is proper in this Court because Plaintiff resides or is doing business in Palm Beach County, Florida, and the violations alleged by Plaintiff have

LAW OFFICES
BECKER & POLIAKOFF, P.A. • Waterford Center Park • 5201 Blue Lagoon Drive • Suite 100 • Miami, FL



occurred in Palm Beach County, Florida. The Court has concurrent jurisdiction over this matter.

## Parties

4. Plaintiff Perrotta is a gasoline franchise dealer of Motiva and operates a Shell brand motor fuel retail outlet from 1982 tothe present, located at 20642 State Road 7, Boca Raton, Florida 33487.

5. Defendant Motiva is a Delaware corporation having a place of business in Port Everglades, Florida, and throughout the State of Florida, and was the franchisor of Plaintiff's gasoline station as defined under the PMPA. Motiva was formerly known as Shell Oil Company and is engaged in the wholesale and retail distribution of motor fuel and other petroleum products within this state and county under the Shell trademark under license to franchisees and directly to the public.

## Claim

6. Perrotta is a petroleum franchisee of Motiva under certain franchise agreements, including a lease of the franchise premises between Perrotta and Motiva. Motiva has terminated its franchise relationship effective September 30, 2002, because it has chosen not to renew an option to lease the franchise premises from the landlord, Shadowwood Square, LTD. (Exhibit "A").

7. In accordance with the PMPA, Motiva has ostensibly offered to sell, transfer or assign the remaining options on the lease to Perrotta as required to permit the franchisee to continue the business at the franchise location. The offer was a sham.

8. In violation of the requirements of the PMPA, however, Motiva in fact terminated the underlying lease before Perrotta could accept the option to assume the underlying ground lease. Motiva further denied it had terminated the underlying lease without provision for the option assignment to Perrotta. Subsequently, every attempt to obtain an assignment of the lease from the landlord has been rebuffed by Motiva unless both the landlord and Motiva enter into onerous agreement waiving any and all claims against Motiva. Accordingly, the landlord has refused any effort to obtain an assignment of the lease under any circumstances, based on Motiva's unconditional termination of the lease.

9. Upon termination because of the loss of right to grant possession of the leased marketing premises because of expiration of an underlying lease, Motiva is required under the PMPA, *inter alia,* to offer to assign to the franchisee any option to extend the underlying lease or option to purchase the marketing premises that is held by the franchisor. 15 U.S.C. § 2802(c)(4)(B). Because Motiva's offer to assign the extensions under the underlying ground lease was a sham, Motiva is in violation of the PMPA.

10. Motiva's offer of assignment is thus in violation of the PMPA.

11. In spite of Motiva's clear violation of its obligation under the PMPA, Perrotta has attempted to obtain an extension of the lease with the landlord and has obtained such a month-to-month lease from the landlord. 15 U.S.C. § 2802(c)(4)(C). Nevertheless, Motiva has refused to accept the extension of the lease and has advised

Perrotta that on October 1, 2002, it will remove all equipment from the franchise lease premises.

12. As a result of the foregoing bad faith actions, Motiva is in violation of the PMPA.

13. An actual and bona fide controversy exists between Perrotta and Motiva as to the rights and obligations of the parties under the franchise agreements and the PMPA. By this action, Perrotta seeks a determination and declaration of the respective rights, status, and legal relations of the parties under the franchise relationship and the PMPA.

14. An injunction is necessary to prevent Motiva from terminating the franchise and destroying the improvements and removing the equipment, preventing the franchisees from continuing their business at the location.

15. The actions of Motiva are in willful disregard of the requirements of the PMPA and of the rights of Perrotta thereunder.

WHEREFORE, Pasquale Perrotta prays that the Court enter the following:

A. A temporary restraining order which compels Motiva from terminating the franchise relationship until a hearing can be held on the Plaintiff's motion for preliminary injunction;

B. A preliminary injunction prohibiting Motiva from removing the equipment and razing the improvements located at the franchise premises pending a determination of the fair market value of the premises, equipment and improvements connected to the franchise, and allowing Pasquale Perrotta to continue its operations at

the franchise location (whether supplied with fuel by Motiva or another supplier), pendente lite;

      C.    A declaratory judgment compelling Motiva to offer to sell the premises, improvements and equipment to Pasquale Perrotta at fair market value in accordance with the PMPA;

      D.    A judgment for compensatory damages and exemplary damages in favor of Plaintiff;

      E.    A judgment awarding reasonable attorney's fees, and the costs of bringing this action in accordance with the PMPA; and

      F.    An order awarding such other and further relief as this Court deems appropriate.

      \*   \*   \*

Plaintiff demands trial by jury as to all matters triable as of right to a jury.

      \*   \*   \*

Dated this 30th day of September, 2002.

Becker & Poliakoff, P.A.
Co-counsel for Plaintiff
Pasquale Perrotta
5201 Blue Lagoon Dr., Ste. 100
Miami, Florida 33126
Tel: 305-260-1031
Fax: 305-262-4504
*lkonski@becker-poliakoff.com*

By: _____ *[signature]*
Luis S. Konski
Florida Bar. No. 207837
Lilliana Farinas
Florida Bar No. 164585

340311_2.DOC

Steven A. Utrecht, P.A.
Co-counsel for Plaintiff
Pasquale Perrotta
2295 Corporate Boulevard, Suite 211
Boca Raton, Florida 33431
Tel. 561-995-1975
Fax. 561-995-1938
*STU1ESQ@aol.com*

By: _____ *[signature]*
Steven T. Utrecht
Florida Bar No.345474

| JS 44 (Rev. 12/96) | CIVIL COVER SHEET | | |
|---|---|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Pasquale Perrutta

**DEFENDANTS**
~~SRSI~~ Mocuya ~~Gorge~~ Rises, Magistrate Judge, Johnson LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Steven Utrecht
2295 Corporate Blvd #211 Boca Raton FL

ATTORNEYS (IF KNOWN): Sara Danon
c/o Hunton & Williams
Miami, FL

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☑ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. 2801

**LENGTH OF TRIAL** via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** _____   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/30/02
SIGNATURE OF ATTORNEY OF RECORD: SUtrecht

**FOR OFFICE USE ONLY**
RECEIPT # 717052   AMOUNT $150.00   APPLYING IFP _____   JUDGE Middlebrooks   MAG. JUDGE Johnson